IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

WILLIAM A. BERGTHOLD,      )
          )
      Plaintiff,      )
          )
vs.          )      Case No. 15-4084-CV-W-ODS
          )
CAROLYN W. COLVIN,      )
Acting Commissioner of Social Security, )
          )
      Defendant.      )

## ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security denying his application for benefits. The Commissioner's decision is affirmed.

## I.   INTRODUCTION

Plaintiff was born in 1971, completed some high school, and has past work experience as a cook, stage crew member, gas station attendant, cashier, and a press worker. The ALJ determined Plaintiff's severe impairments include "disorder of the neck and back; obesity; irritable bowel syndrome; and depression." R. at 20. The ALJ found Plaintiff has the residual functional capacity ("RFC") to:

> Perform light work…except that…the claimant is limited to never climbing ladders, occasional climbing of ramps and stairs; occasional stooping, crouching, kneeling, and crawling. In addition, the claimant must avoid all use of hazardous machinery and no exposure to unprotected heights. The claimant is further limited to only simple..., routine, and repetitive tasks with no strict production quota…

R. at 23. Based on the testimony of a vocational expert, the ALJ determined Plaintiff could perform work as a cashier, information clerk, and ticket taker. R. at 31.

## II.   LEGAL STANDARD

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence when reasonable minds would accept as adequate to support the

Secretary's conclusion.  [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion."  *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted).  Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision.  *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991) (citing *Hutsell v. Sullivan*, 892 F.2d 747, 749 (8th Cir. 1989)).  Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.  *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

### III.    DISCUSSION

#### A.

Plaintiff alleges Dr. Yacob Gawo ("Gawo"), a state agency medical consultant, formed his opinion without the benefit of subsequently created medical records.  While it is true that Gawo did not have the benefit of subsequently created medical records, this does not undermine the consultant's opinion regarding Plaintiff's condition on the day the opinion was rendered.  Plaintiff does not provide, and the Court is not aware of, any legal authority which holds a consultant's medical opinion must be based on subsequently created medical records, or that the consultant's opinion necessarily must be discounted because it is not based on those records.  Thus, the Court discerns no error on this point.

More importantly, the additional records do not deprive the ALJ's decision of the support required by law.  On October 17, 2012, Plaintiff asserted he had no back pain, and on February 5, 2013, he asserted his neck pain was moderate and had not worsened.  R. at 725, 737.  Further, Plaintiff had several medical appointments in 2013 at which he did not complain about back or neck pain.  *See e.g.,* R. at 846.  Additionally, Plaintiff's gastrointestinal issues did not worsen after Gawo rendered his opinion.  For example, in November 2012 and July 2013, Plaintiff did not complain about constipation or diarrhea.  R. at 731, 846.  Overall, the substantial evidence of record supports the ALJ's decision, and it cannot be said to fall outside the "available zone of choice." *Casey v. Astrue*, 503 F.3d 687, 694 (8th Cir. 2007) (internal citations and quotations

2

omitted).

Plaintiff also argues that because Gawo is a non-examining physician, reliance on his opinion does not constitute substantial evidence. However, Plaintiff's characterization is not complete. It is true that "the record must include some medical evidence that supports the ALJ's residual functional capacity finding." *Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000). But "in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). Rather, "the Commissioner must determine a claimant's RFC based on all the relevant evidence including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Here, the ALJ did not rely only on Gawo's opinion in formulating Plaintiff's RFC. To the contrary, the ALJ relied on Plaintiff's daily activities and on other medical evidence. This evidence was sufficient to support the ALJ's determination regarding Plaintiff's functional limitations.

## B.

Plaintiff asserts the ALJ did not properly consider the medical opinion Dr. Russell M. Newton ("Newton"), a consultative physician. Plaintiff appears to argue the ALJ should have incorporated more of Newton's functional limitations for Plaintiff into the RFC. However, in determining the RFC, "the ALJ is not required to rely entirely on a particular physician's opinion." *Martise v. Astrue*, 641F.3d 909, 926-27 (8th Cir. 2011) (citations and quotations omitted). Instead, as previously, discussed, the ALJ determines Plaintiff's "RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2011). Furthermore, the ALJ noted that the Record established Plaintiff's functional limitations were less limited than Newton suggested. For example, the ALJ noted Plaintiff's daily activities such as visiting with friends, living with his father, interacting with physicians, and partaking in the hearing without difficulty were inconsistent with Newton's opinion. The Court concludes it was proper for the ALJ not to adopt Newton's opinion in whole.

3

C.

Plaintiff notes he submitted new medical evidence to the Appeals Council which was not part of the Record when the ALJ rendered her decision: (1) opinion evidence rendered by Mark W. Schmitz ("Schmitz"), and (2) opinion evidence rendered by Dr. Matthew Bechtold ("Bechtold"). On March 19, 2015, the Appeals Council considered this new evidence in affirming the ALJ's decision. R. at 4, 5. "If…the Appeals Council considers the new evidence but declines to review the case, we review the ALJ's decision and determine whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision." *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992) (citations omitted).

Plaintiff appears to argue remand is required because the Appeals Council did not provide an analysis of Schmitz's and Bechtold's opinions. However, the Appeals Council is not required to comment on the newly submitted evidence in denying a request for review of the ALJ's decision. *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011). If the Appeals Council denies review, "nothing in the Social Security Act or regulations promulgated pursuant to it requires that the Appeals Council explain its rationale for denying review." *Id*. Rather, "the Appeals Council can simply deny the request for review." *Id*. Thus, the Court discerns no error in the decision of the Appeals Council.

1. Mark Schmitz

Schmitz's opinion was rendered on August 14, 2013, and the Administrative Hearing in this case was held on October 16, 2013. R. at 41, 853. Plaintiff offers no explanation as to why this opinion was not submitted into the evidentiary record prior to the hearing.

Nonetheless, to the extent Schmitz asserted Plaintiff has "a mental disability which would likely interfere with his ability to successfully maintain employment," this opinion is not entitled to deference because opinions that Plaintiff is disabled or unable to work are opinions on the ultimate issue of disability and reserved for the Commissioner. *House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007). Schmitz's opinion also was made in the context of determining his eligibility for Medicaid. R. at 853.

4

"[W]hether an applicant meets Social Security eligibility requirements is an inquiry that is different from a state's Medicaid eligibility requirements." *Ryan v. Astrue*, No. 10-3193, 2011 WL 2460933, at *20 (W.D. Mo. June 17, 2011).

Furthermore, Schmitz's opinion should be discounted for a variety of other reasons. First, much of the opinion appears to be based on Plaintiff's self-reports, which the ALJ found to be not credible. Second, Schmitz's opinions regarding Plaintiff's poor concentration and memory are belied by Plaintiff's daily activities. Finally, Schmitz's opinions and observations are inconsistent with the medical evidence of record. For example, Plaintiff was often oriented to time, place, person, and situation, and demonstrated appropriate mood and affect. R. at 735, 831. Plaintiff was reported as not forgetful and does not experience memory loss, normal attention span and concentration. R. at 749. Plaintiff also responded well to medication for his mental health. R. at 742. Thus, the Court finds substantial evidence exists in the Record, including this new evidence, to support the ALJ's decision.

## 2. Dr. Matthew Bechtold

Newly-submitted evidence must relate "to the time period for which benefits are sought, and…not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition." *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997). Newly submitted evidence becomes part of the Record, but it is to be evaluated only to the extent that it relates to the period addressed by the ALJ's decision. *Rozzel v. Colvin*, No. 13-1054, 2014 WL 5394970, at *1 (W.D. Mo. Oct. 22, 2014). Here, Bechtold completed a form describing Plaintiff's alleged symptoms and functional limitations. One of the questions on the form was, "What is the earliest date that the described symptoms and limitations apply?" R. at 861. Bechtold responded, "Today." *Id.* Bechtold completed this form on March 14, 2014, the ALJ conducted the administrative hearing on October 16, 2013, and the ALJ rendered his decision on January 30, 2014. R. at 31. By answering, "Today," Bechtold is stating that the symptoms and limitations he describes are not applicable to the time period addressed by the ALJ's decision.

5

Next, Bechtold's opinion is inconsistent with the medical evidence in the Record. Bechtold opines Plaintiff would have to take frequent restroom breaks and miss up to three days of work per month due to his irritable bowel syndrome. R. at 860-61. The medical evidence, however, suggests Plaintiff's gastrointestinal issues often improved or stabilized with medication. On many occasions, Plaintiff did not complain about these issues at all. R. at 551, 572, 731, 817, 818, 846.

Finally, while Bechtold's opinion is not in checklist form, the Court notes that his opinion provides little to no explanation regarding the proscribed functional limitations. Additionally, Bechtold's opinion cites to almost no specific medical evidence supporting his conclusions. For this additional reason, the Court finds Bechtold's opinion has limited evidentiary value. *Anderson v. Astrue*, 696 F. 3d 790, 794 (8th Cir. 2012).

For these reasons, the Court finds substantial evidence exists in the Record, including this new evidence, to support the ALJ's decision.

### D.

The Court's review of the Commissioner of Social Security's decision is limited to "the pleadings and transcript of the record." 42 U.S.C. § 405(g). The Court may…order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id*. "Good cause does not exist when the claimant had the opportunity to obtain new evidence before the administrative record closed but failed to do so without providing sufficient explanation." *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008).

Here, Plaintiff asserts "[n]o mention was made of the Steve Evans evaluation." But Plaintiff also states the Evans evaluation was not included in the Administrative Record. Doc. #13, page 7. The Court's review of the Record confirms this fact. Plaintiff, quite simply, has failed to establish good cause for failing to submit the Steve Evans evaluation before the Administrative Record closed, much less discuss good cause or make an argument as to why it exists. Thus, the Court will not remand the case on this basis. *Whitman v. Colvin*, 762 F.3d 701, 708 (8th Cir. 2014); *Hepp*, 511 F.3d at 808.

6

E.

In assessing Plaintiff's credibility, the critical issue is not whether Plaintiff has functional limitations, but rather the extent of his functional limitations. *House v. Shalala*, 34 F.3d 691, 694 (8th Cir. 1994). The familiar standard for analyzing claimant's subjective complaints is set forth in *Polaski v. Heckler*. 739 F.2d 1320 (8th Cir. 1984).

The Court finds the Record provides substantial evidence to support the ALJ's determination that Plaintiff's testimony was not credible. In making this determination, the ALJ referenced several factors. First, the ALJ found Plaintiff's activities were inconsistent with his alleged functional limitations. For example, Plaintiff needed no special reminders need to take care of personal needs, grooming, or taking medicine. R. at 219. Plaintiff prepared meals, did laundry and dishes, and took care of his pets. R. at 218-19. He shopped and drove on his own. R. at 220. He also read and played computer games frequently. R. at 221. These activities do not appear to be consistent with the inability to perform substantial gainful activity. *Ford v. Astrue*, 518 F.3d 979, 982-83 (8th Cir. 2008).

Additionally, the ALJ discounted Plaintiff's credibility because of his poor earnings history. R. at 165. Plaintiff's poor earnings history is a factor the ALJ may consider in assessing Plaintiff's credibility. *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). Finally, the ALJ discounted Plaintiff's credibility because one of the reasons he left his job due to a lack of transportation. R. at 47-48. Plaintiff leaving work for reasons other than his medical condition is relevant to the ALJ's credibility finding. *Medhaug v. Astrue*, 578 F.3d 805, 816-17 (8th Cir. 2009).

The task of weighing credibility factors falls on the ALJ, not the District Court. *E.g.*, *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). The ALJ provided good reasons for discounting Plaintiff's credibility that are consistent with *Polaski*. Accordingly, the ALJ's decision is entitled to deference. *E.g.*, *Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir. 2012).

7

IV.    <u>CONCLUSION</u>

The Commissioner's final decision denying benefits is affirmed.


IT IS SO ORDERED.

                                        /s/ <u>Ortrie D. Smith</u>
                                        ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 1, 2016                     UNITED STATES DISTRICT COURT